IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **DERRICK DEMOND TERRELL,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:11-CV-259-Y |
| § | |
| **RICK THALER, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Derrick Demond Terrell, TDCJ-ID #1424876, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Kenedy, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. FACTUAL AND PROCEDURAL HISTORY

In 2006 petitioner was charged by separate indictment with possession of four grams or more but less than 200 grams of cocaine with intent to deliver and possession of four grams or more but less than 200 grams of heroin with intent to deliver in Tarrant County, Texas. (02State Habeas R. at 79; 03State Habeas R. at 79)[1] On March 8, 2007, a jury found petitioner guilty of the charges, petitioner pled true to the sentence-enhancement allegation in the indictments, and the jury sentenced him to sixty years' imprisonment in each case. (02State Habeas R. at 81; 03State Habeas R. at 81) Petitioner appealed, but the Second District Court of Appeals of Texas affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused his petitions for discretionary review. (03State Habeas R. at 83-91) *Terrell v. State*, PDR Nos. 1354-08 & 1355-08. Petitioner also filed two state postconviction habeas applications, one for each conviction, which were denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court. (02State Habeas R. at cover; 03State Habeas R. at cover) This federal petition for writ of habeas corpus followed.

The Second Court of Appeals summarized the factual background of the cases as follows:

> Appellant and three other people were at 2912 Hanger Avenue in Fort Worth, Texas, on June 22, 2006, when the Fort Worth Police Department executed a search warrant. Under a chair cushion in one of the bedrooms, police found a clear colored baggie that contained several individual baggies; the individual baggies contained a white powdery substance and numerous clear collored capsules which were composed of a brown powdery substance. Appellant informed the police that the baggies contained cocaine and heroin, and he also admitted that the drugs belonged

---

[1]"02State Habeas R." refers to the state court record in petitioner's state habeas application no. WR-74,303-02; "03State Habeas R." refers to the state court record in his state habeas application no. WR-74,303-03.

to him. The crime lab later confirmed that the drugs were cocaine and heroin. Police also found $300.00 in cash on appellant.

(03tate Habeas R. at 2)

### D. ISSUES

Petitioner raises five grounds for habeas relief, in which he contends his trial counsel rendered ineffective assistance (grounds one and three-five), and the state engaged in prosecutorial misconduct (ground two). (Pet. at 7-10)

### E. RULE 5 STATEMENT

Respondent does not contend the petition is barred by the statute of limitations or successive. (Resp't Ans. at 4) Respondent does contend, however, that petitioner's second ground, as described in the petition, is procedurally defaulted. (*Id.* at 22-24)

In ground two, petitioner claims the state engaged in prosecutorial misconduct when the prosecutor made a biased comment to the prospective jurors during voir dire concerning his right to remain silent; thus prejudicing the jury. (Pet. at 7) Petitioner raised this claim in his postconviction state applications for writ of habeas corpus for the first time, but the state habeas court expressly found the claim to be procedurally barred because the claim was not raised on direct appeal and because jury selection complaints are not cognizable on writ of habeas corpus as a matter of state law. (03State Habeas R. at 63) In turn, the Texas Court of Criminal Appeals denied relief without written order on the findings of the trial court.

Under the procedural default doctrine, a federal court may not consider a state prisoner's federal habeas claim when the last state court to consider the claim expressly and unambiguously based its denial of relief on an independent and adequate state procedural default. *See Coleman v.*

3

*Thompson*, 501 U.S. 722, 729, (1991); *Haley v. Cockrell*, 306 F.3d 257, 263-64 (5th Cir. 2002); *Johnson v. Puckett*, 176 F.3d 809, 823 (5th Cir. 1999); *Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999). The habeas court clearly relied upon firmly established and regularly followed state procedural rules to recommend denial of petitioner's claim, which represent an adequate state procedural bar to federal habeas review. *Ex parte Banks*, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989) (holding "the Great Writ should not be used to litigate matters which should have been raised on appeal"). Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, petitioner's claim raised for the first time in his state habeas applications is procedurally barred from this court's review.

## F. DISCUSSION

### *1. Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it

4

correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The Act further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

### 2. *Ineffective Assistance of Counsel*

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Strickland v. Washington*, 466 U.S. 668, 688 (1984). An ineffective assistance claim is governed by the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that the deficient performance prejudiced the defense. *Id.* at 688. A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id.* at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Where a petitioner's ineffective assistance claims have been reviewed on the merits under the *Strickland* standard and denied by the state courts, federal habeas relief will be granted only if the state courts' decision was contrary to or involved an unreasonable application of *Strickland*, or if the state courts'

5

decision is based on an unreasonable determination of the facts in light of the evidence before the court. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002).

The state habeas judge in this case conducted a hearing by affidavit, adopted the state's proposed findings of fact refuting petitioner's claims, and concluded that petitioner received effective assistance of trial counsel and that counsel "functioned as counsel guaranteed by the Sixth Amendment." (03State Habeas R. at 43-52, 56-78) The applications were then forwarded to the Texas Court of Criminal Appeals, which denied the applications without written order on the findings of the trial court. (*Id.* at cover) As previously noted, this constitutes an adjudication on the merits by the highest state court and is entitled to the presumption of correctness. Under these circumstances, a federal court may assume that the state court applied the *Strickland* standard to petitioner's claims, unless there is evidence that an incorrect standard was applied. *Townsend v. Sain*, 372 U.S. 293, 314 (1963)[2]; *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003); *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002). Thus, assuming the Texas Court of Criminal Appeals applied *Strickland* to the factual findings, we defer to the state court's adjudication of the claims unless it appears the decision was contrary to or involved an unreasonable application of *Strickland* or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the state court proceedings. Having independently reviewed petitioner's ineffective-assistance claims and the record of the state court proceedings, this court cannot say that

---

[2]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

the state court's decision was contrary to or involved an unreasonable application of *Strickland* or that it was based on an unreasonable determination of the facts as presented in the state courts.

Petitioner claims his court-appointed trial counsel, Mary B. Thornton, was ineffective by failing (1) to disclose evidence showing that he was merely "a user of the drugs he was convicted of 'intending to deliver,'" (2) to object to the prosecutor's improper comment regarding his right to remain silent during voir dire, (3) to strike prospective jurors who displayed a bias toward his right not to testify, and (4) to challenge "prospective jurors who expressed some bias or prejudice against him and against basic statutory or constitutional right[s] afforded" him. (Pet. at 7-10)

Counsel responded to petitioner's allegations, in relevant part, as follows:

> On May 20, 2009, Applicant filed a post-conviction writ of habeas corpus pursuant to art. 11.07 of the Texas Code of Criminal Procedure alleging among other things that he received ineffective assistance of counsel because I failed to disclose evidence which might have been helpful to his defense and because I failed to make certain objections at trial.
>
> In order to respond thoroughly to Applicant's contentions, this Honorable Court has Ordered that I prepare an affidavit detailing all of my efforts in behalf of Applicant in these two cases. The following factual summary details the evidence in the light most favorable to the verdict. Specifically, these cases came about as a result of a search warrant executed on June 22, 2006, at 2912 Hanger Avenue, a vacant residence located in Fort Worth, Tarrant County, Texas. Applicant, along with three other men, were present on that date. After all four men were secured, the police located forty clear collored baggies containing over eight grams of cocaine and fifty-one clear collored capsules containing over seven grams of heroin secreted inside a lounge chair cushion located in the front bedroom of the habitation. Applicant signed a handwritten statement asserting "ownership" of the contraband. Discovered on Applicant's person in a search incident to arrest was $364.00 in cash and a set of keys. One of the keys fit the front door lock of the warrant location.
>
> Within a couple of days I accessed the EDFS system which allows defense counsel access to the State's files in both cases, printed the material, and perused it in order to acquaint myself with the facts of Applicant's case and to evaluate the strength of the State's cases against him. I also accessed the Tarrant County District Clerk's screen to determine Applicant's criminal history. I learned that Applicant

had received six years for the offense of aggravated robbery on May 3, 2000; five years for the offense of possession of cocaine in an amount more than four but less than two hundred grams with intent to deliver on May 3, 2000; and three years for the offense of possession of more than one but less than four grams of a controlled substance on July 6, 2006. Applicant also had several misdemeanor charges, some of which were dismissed and pled in bar pursuant to a conviction for unlawfully carrying a weapon back in May of 1997. I was later furnished the offense reports in some of these other felony and misdemeanor offenses prior to Applicant's jury trial in these causes that will become relevant later in this affidavit. On July 21, 2006, I went to the Tarrant County Jail to meet with Applicant and talk with him about his cases.

    At the first court appearance I communicated the prosecutor's plea bargain offer of twenty-five years in prison to Applicant. He rejected the State's offer without hesitation. At that time there was some confusion as to whether an Habitual Paragraph could be added in the evidence he was eventually indicted in one or both cases. It was ascertained that his previous felony conviction for possession of a controlled substance in an amount more than one but less than four grams in which he received a three year prison sentence occurred on July 6, 2006, two weeks after these two new offenses alleged occurred. Therefore, Applicant was advised that should his cases be tried before a jury he would be facing a punishment range of not less than fifteen years or more than ninety-nine years or Life in the Institutional Division of the Texas Department of Criminal Justice.

. . .

    [I]n Applicant's post conviction writ, he alleges that I failed to disclose evidence that would have been helpful to the defense. In his argument he refers to a portion of my cross-examination of one of the officers at the scene regarding the presence of drug paraphernalia found at the scene. Obviously, since Applicant's story that he was not in possession of a key to the residence could not be verified, the only viable defense possible was that someone present other than Applicant was in possession of the contraband. Of course, that was rendered most difficult in light of Applicant's confession that the contraband belonged to him. However, as is obvious from Applicant's excerpts from the Reporter's Record, I did, on cross-examination, attempt to show that drug usage by someone other than Applicant had taken place prior to the time the search warrant was executed. This is obviously from my cross-examination of the officer.

    Applicant then makes three additional claims that I failed to object during portions of the trial and that I failed to challenge a juror who voiced a prejudice to Applicant or a phase of the law to which he was entitled to rely. The State in its response to Applicant's contentions correctly cited case law which relegates such

claims appropriate on direct appeal and not in a post conviction writ of habeas corpus. As counsel honestly does not recall every detail of a two day jury trial which took place over two years ago, she will defer to the State's response to these allegations.

In summary, Applicant gave a written statement implicating him in two first degree felony drug offenses. His situation was exacerbated by his criminal record. The prosecutor who was ultimately assigned to his cases would not budge much from the twenty-five year offer believing that he could persuade a jury to assess a large number of years in light of the quantity of controlled substances and Applicant's criminal history. Applicant was presently serving a three year prison sentence and was looking for an offer in the single digit range. The State and the Defense were never close in the number of years in the plea bargaining process. Applicant elected to take the gamble and plead not guilty to a jury. Unfortunately for Applicant the prosecutor's evaluation of his cases proved accurate, and Applicant received two sixty year sentences.

(03State Habeas R. at 43-51)

Petitioner claims counsel was ineffective by failing to disclose evidence that he and his friends were only users of the confiscated drugs and did not have the drugs to sell. Given his written statement that the drugs were his, petitioner urges this was his only viable defense. (Pet'r Mem., POE Number One, at 1-4) The state habeas court found counsel attempted to show that someone other than petitioner was in possession of the contraband and that drug usage by someone other than petitioner had taken place prior to the warrant being executed. The court also found that counsel made a reasonable argument for this defense during her closing argument. (03State Habeas R. at 58) The record supports the state court's findings. (RR, vol. 4, at 57-58, 91-93) Furthermore, under state law, intent to deliver may be shown by circumstantial evidence, including expert testimony by experienced law enforcement officers. *Reed v. State*, 158 S.W.3d 44, 48-49 (Tex. App.–Houston [14th Dist.] 2005, pet. ref'd). As additional evidence of intent, courts have considered factors such as the nature of the location of the defendant's arrest, the quantity of narcotics the defendant

possessed, the manner of packaging of the narcotics, the presence or absence of drug paraphernalia, the defendant's possession of a large amount of cash, and his status as a narcotics user. *Id.* The testimony of law enforcement officers and other factors showing intent to deliver were present in this case. (RR, vol. 4, 25, 38-39, 42-43, 51) Thus, petitioner cannot show how the presence of drug paraphernalia, alone, would have precluded a finding that he possessed the contraband with the intent to distribute it.

Petitioner claims counsel was ineffective by failing to object to the prosecutor's comments on his right to remain silent during voir dire. (Pet. at 7; Pet'r Mem., POE Number Three, at 8-10) While discussing personal use versus actions that could be inferred as possession with intent to deliver, the prosecutor remarked: "Possession with intent -- you can infer a person's intent based on conduct. Defendant has a Fifth Amendment right to remain silent. You don't always have words, but you do have conduct. Does that make sense? . . . You can infer intent by conduct." (RR, vol. 2, at 31) The state habeas court found that, although counsel did not object to the remarks, counsel did engage in a discussion of petitioner's right not to testify and that there was no evidentiary basis establishing actual bias or prejudice or evidence that one or both jurors served on petitioner's jury. These findings are supported by the record. (03State Habeas R. at 58-59) Additionally, the trial court admonished the prospective jurors regarding a defendant's right to remain silent before voir dire, and the prosecutor clearly delineated the right at the outset of voir dire and queried the jurors regarding whether they could "protect" the right. (RR, vol. 2, at 9)  Finally, read in context, the remarks do not appear objectionable. Counsel is not required to make frivolous objections. *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002); *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).

Petitioner claims counsel was ineffective by failing to challenge for cause two prospective jurors who displayed bias toward his right not to testify. (Pet. at 8; Pet'r Mem., POE Number Four, at 11-14) The state habeas court found petitioner had failed to establish bias or prejudice regarding the right to remain silent or prejudice as a result of counsel's failure to identify or challenge the jurors by failing to show one or both actually served on the jury. (03State Habeas R. at 59) Clearly, demonstrating that a prospective juror may have been biased, without establishing that he or she actually served on the jury, is insufficient to meet the requisite showing of prejudice under the *Strickland* test.[3] *See Teague v. Scott*, 60 F.3d 1167, 1172-73 (5th Cir. 1995).

Petitioner claims counsel was ineffective by failing to challenge for cause prospective jurors who "would hold the state to a higher burden of proof; who expressed biases against the full range of punishment; and who expressed preconceived bias against the witness testimony of police officers." (Pet'r Mem, POE Number Five, at 15-17) The state habeas court found that, although counsel did not challenge those prospective jurors for cause, such biases and prejudices favor the defense and are normally the basis of challenges for cause by the State. (03State Habeas R. at 59) Under these circumstances, counsel is not ineffective by failing to raise a for-cause challenge to a juror.

Finally, notwithstanding the alleged acts or omissions of counsel, the state habeas court determined that, in light of the overwhelming evidence against petitioner, there was no reasonable probability that the jury would have reached a different result or verdict with other counsel. (*Id.* at 60) This is a reasonable conclusion given the evidence of petitioner's guilt presented in state court.

---

[3]Petitioner alleges one of the two prospective jurors actually sat on the jury, however he fails to specify which juror it was or provide proof of his assertion. (Pet'r Mem. in Support at 14; 03State Habeas R. at 30) The record reflects prospective jurors 8, 12, 14, 24 and 27 were struck for cause and juror 5 was excused on the court's own motion. Otherwise, the record does not reflect the parties' peremptory challenges, if any, or the jurors who actually served.

11

Petitioner has failed to present convincing evidence or compelling argument to rebut the presumption of correctness of the state courts' adjudication of his ineffective assistance claims. Thus, applying the presumption of correctness, the state courts' denial of habeas relief is not contrary to, or involve an unreasonable application, of *Strickland*.

## II. RECOMMENDATION

Petitioner has not demonstrated that he is entitled to federal habeas relief; thus, it is recommended that the petition be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 8, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until February 8, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January __18__, 2012.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE